UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PASQUALE DIPOFI,

    Petitioner,                                        Civil No. 2:08-10635
                                                      HONORABLE PAUL D. BORMAN
v.                                                       UNITED STATES DISTRICT JUDGE

C. EICHENLAUB,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS</u>**

      Pasquale Dipofi, ("petitioner'), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner claims that the Bureau of Prisons (B.O.P.) wrongfully denied him credit against his federal sentence for conspiracy to commit wire fraud and threatening communication, 18 U.S.C. § 371; wire fraud, 18 U.S.C. § 1343; and income tax evasion, 26 U.S.C. § 7201, for the period that he was subject to home detention while he was released on bail, as well as for eleven days that he claims that he was detained in the Wayne County Jail prior to his release on bail for these offenses. For the reasons stated below, the § 2241 petition for writ of habeas corpus is **DENIED**

**I. BACKGROUND**

      Petitioner was arrested by the Federal Bureau of Investigation for the above offenses on September 4, 2004. On that date, Magistrate Judge Mona K. Majzoub signed an order of temporary detention. On September 7, 2004, Magistrate Judge Virginia M. Morgan issued an order of detention pending trial. On September 8, 2004, Judge George Caram Steeh released

petitioner on bond, but with the condition that he be placed on electronic monitoring and abide by the conditions of home detention.

On October 23, 2006, petitioner pleaded guilty to the three offenses, pursuant to a plea agreement with the government. On March 29, 2007, petitioner was sentenced to forty months in prison, with three years supervised release. Petitioner remained on bail release until his self-surrender to federal authorities at the Metropolitan Correctional Center (MCC) in Chicago, Illinois an July 2, 2007. [1]

On November 13, 2007, petitioner filed an administrative remedy with the warden at MCC-Chicago, in which he sought ten days credit against his sentence for the time that he spent in the Wayne County Jail "to the best of his recollection." Petitioner also requested that the "1,000 plus days" that he spent in home detention while on bail release be credited towards his sentence. His request for jail credit was denied by on November 29, 2007. Petitioner appealed this decision to the regional director, but it was denied on January 7, 2008. Petitioner attempted to appeal this decision to central office, but it was rejected on January 25, 2008, because he had not provided a copy of his regional office appeal or the response from the regional director. The rejection notice stated that he could resubmit his appeal in proper form within 15 days. On February 13, 2008, petitioner resubmitted his appeal to the central office, but it was again rejected because he did not provide the appropriate copies. Petitioner filed this petition on February 13, 2008. [2]

---

[1] This Court obtained some of this information from the docket sheet for the United States District Court for the Eastern District of Michigan. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding, *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).

[2] Respondent contends that the petition should be dismissed because petitioner failed to exhaust his administrative remedies. A habeas petitioner's failure to exhaust his administrative remedies may be excused where

## II. DISCUSSION

The U.S. Attorney General, not a federal court, has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *McClain v. Bureau of Prisons,* 9 F. 3d 503, 505 (6th Cir. 1993). However, a federal district court may grant a prisoner claiming the miscalculation of sentencing credits relief under § 2241. *McClain,* 9 F. 3d at 505; *United States v. Dowell,* 16 Fed. Appx. 415, 420 (6th Cir. 2001); *Stevenson v. United States,* 495 F. Supp. 2d 663, 665-66 (E.D. Mich. 2007). A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *See also Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

18 U.S.C. § 3585 states in pertinent part:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
    that has not been credited against another sentence.

Petitioner's primary contention is that he should be entitled to credit against his sentence

---

pursuing such remedies would be futile or unable to afford the prisoner the relief that he seeks. *See Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 236 (6th Cir. 2006). Because petitioner's claims are without merit, it would be futile to require exhaustion in this case, therefore, the failure to exhaust will be excused.

for the more than 1,000 days that he spent in home confinement while on bail release. Petitioner argues that the conditions of home confinement or detention are akin to being in "custody", for purposes of obtaining credit against his federal sentence. The Court cannot accept this argument.

In *Reno v. Koray,* 515 U.S. 50, 65 (1995), the U.S. Supreme Court held that the time spent by a federal prisoner at a community treatment center run by the Volunteers of America while "released" on bail pursuant to the Bail Reform Act was not "official detention" within the meaning of § 3585(b), so as to entitle the prisoner to sentencing credit for the time spent in the community treatment center. A federal prisoner is entitled to sentencing credit only for time spent under control of the Bureau of Prisons or the Attorney General pursuant to a court detention order. *Id.* at 56. The Supreme Court stated that it would therefore be inappropriate to give a federal prisoner credit for time served even though restrictions were placed upon the prisoner's liberty as a condition of his release on bail. The Supreme Court reasoned that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" *Id.* at 57.

Prior to the U.S. Supreme Court's holding in *Koray,* the Sixth Circuit held that a defendant's release on bail subject to restrictive conditions that he reside at his mother's home, maintain employment, and have a curfew did not rise to the level of "official detention", so as to allow for the defendant to be given credit towards his prison sentence pursuant to § 3585(b). *See U.S. v. Becak*, 954 F. 2d 386, 387-88 (6th Cir. 1992). The *Becak* decision was cited with approval by the Supreme Court in *Koray. Id.* at 57. Other Sixth Circuit cases have rejected similar requests for sentencing credit based upon restrictive bail conditions. *See U.S. v. Franklin,*

4

64 Fed. Appx. 965, 968 (6th Cir. 2003)(defendant was not entitled to credit for time he spent in halfway house of charitable, religious organization, even though defendant's liberty was restricted); *Logan v. Hemingway,* 63 Fed. Appx. 236, 237 (6th Cir. 2003)(prisoner not entitled to sentencing credit under § 3585(b) for seventy four days spent in a hospital following his arrest). Accordingly, petitioner is not entitled to credit against his federal sentence for the time spent in home detention after his release on bail.

Petitioner further contends that he is entitled to credit for eleven days that he claims he was incarcerated in the Wayne County Jail between his arrest on September 4, 2004 and September 14, 2004, the date that he claims that he was released from jail. However, the United States Marshal's form documents show that petitioner was incarcerated at the Wayne County Jail between September 4, 2004 and September 8, 2004, when Judge Steeh released him on bail. Petiioner has been credited for the five days that he was in custody prior to his release.

Petitioner is not entitled to habeas relief on this portion of claim, because he has failed to produce clear and convincing evidence to establish that he was in custody in the Wayne County Jail between September 8, 2004 and September 14, 2004, as he claims. *See Youngworth v. U.S. Parole Com'n,* 728 F. Supp. 384, 390 (W.D.N.C. 1990); *See also Otto v. Warden, FCI-Allenwood,* 209 Fed. Appx. 149, 151-52 (3rd Cir. 2006)(Parolee's unsupported claim that federal detainer was exclusive cause of his incarceration pending his state sentencing was insufficient to entitle him to credit against his federal sentence for time spent in state custody prior to his sentencing on state charges). Because this portion of petitioner's claim is conclusory and unsupported, he is not entitled to relief on this claim.

Petitioner further claims that he is entitled to sentencing credit for the time spent on bail

5

release on home detention, because when he elected to go on bail, he did not comprehend that he would not receive sentencing credit for the time spent in home detention. There is no constitutional requirement that a pre-trial detainee must be advised that his or her release conditioned on home confinement will not be credited against his or her subsequent prison sentence. *See Cucciniello v. Keller,* 137 F. 3d 721, 724 (2nd Cir. 1998); *See also Barreto v. Jeter,* 249 Fed. Appx. 986, 987 (5th Cir. 2007)(pretrial detainee was not required to be given notice, under Due Process Clause protections, that confinement in community treatment facility while released on bail was not official detention and did not count toward his sentence).

Petitioner next contends that the home detention requirements placed on petitioner's pre-trial release amounted to an excessive pre-trial bond in violation of petitioner's rights under the Eighth Amendment. Petitioner's conviction has rendered moot any constitutional claims regarding his pre-trial bail. *See U.S. v. Manthey,* 92 Fed. Appx. 291, 297 (6th Cir. 2004)(citing *Murphy v. Hunt,* 455 U.S. 478, 481 (1982). Moreover, petitioner's excessive bail claim has been rejected by other courts. *See e.g. United States v. Gardner,* 523 F. Supp. 2d 1025, 1030-31 (N.D. Cal. 2007)(imposition of electronic monitoring as condition for pretrial release did not violate Excessive Bail Clause).

Petitioner lastly contends that the Bail Reform Act of 1984 is unconstitutional. This claim must also be rejected. The Sixth Circuit has held that the Bail Reform Act is not unconstitutional. *See U.S. v. Chilingirian,* 280 F.3d 704, 709-10 (6th Cir. 2002).

The Court will deny the petition for writ of habeas corpus. The Court will also deny petitioner's motion for bond. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and

exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner failed to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. *See Nieves v. Thomas,* 256 F. Supp. 2d 169, 171 (S.D.N.Y. 2003).

### III. CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Docket No. 1, filed February 13, 2008]** is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**SO ORDERED.**

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: July 14, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 14, 2008.

                                                s/Denise Goodine
                                                Case Manager